[No. 21874. Department Two. July 9, 1929.]

CHARLES A. GIBLIN, *Appellant*, v. ALBERT PICK & COMPANY, *Respondent*.[1]

*Lundin, Barto & Devin,* for appellant.

*Roberts, Skeel & Holman* and *Glen E. Wilson,* for respondent.

PARKER, J.—The plaintiff, Giblin, as assignee of Alfred Bornstein, seeks recovery from the defendant, Albert Pick & Co., of Chicago, of an alleged commission compensation earned by Bornstein in effecting a sale of a large quantity of hotel furniture by the defendant to Stephen Berg of Seattle. The plaintiff, by a first cause of action, seeks recovery upon an alleged express contract of employment of Bornstein by defendant; and, in the alternative, by a second cause of action, seeks recovery of the same amount as the reasonable value of such services rendered by Bornstein and accepted by the defendant. Trial in the superior court for King county, sitting without a jury, resulted in findings and judgment denying to the plaintiff any recovery, from which he has appealed to this court.

The trial court found against appellant, Giblin, upon both causes of action; that is, that there was no express or implied contract of employment of Born-

[1]Reported in 278 Pac. 1071.

stein by respondent, Albert Pick & Co.; and, in effect, though not in terms, found that appellant did not render any services to respondent in effecting the sale of the furniture. There is nothing of serious moment presented in this case other than questions of fact. We have read the whole of the evidence and conclude therefrom that the evidence abundantly supports the judgment of the trial court. The evidence was, in very material features, in sharp conflict. Clearly, it does not preponderate against the conclusion reached by the trial court. Indeed, even reading it, as we must, in cold typewriting, it seems to us to call for the conclusion that Bornstein was serving Berg, if serving anyone in the furniture sale, instead of respondent. We deem it unnecessary to review the evidence in this opinion.

The judgment is affirmed.

MILLARD, FULLERTON, MAIN, and FRENCH, JJ., concur.